IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Respondent, | | No. CR S-03-496 GEB KJM P |
| vs. | | |
| HOSSEIN HABIBIAN, | | |
| Movant. | | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

      Movant is a former federal prisoner who has filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. He alleges that his guilty plea was not voluntary because of his chronic depression; that the plea was coerced by the government's promise to dismiss charges against movant's wife as part of his plea agreement; that counsel was ineffective because he did not inquire whether movant wanted to appeal his sentence; that his arrest was illegal because he was not read his rights; that counsel did not investigate the case and pressured petitioner into accepting a detrimental plea agreement; and that he was investigated for the crime only because of his nationality.

      Respondent has opposed the motion on the grounds that it is untimely and the issues are defaulted. Respondent also argues that the claims have no substantive merit.

/////

1

I. Procedural Background

On November 19, 2003, movant was indicted on one count of conspiracy to commit mail fraud and thirteen counts of mail fraud. Docket No. 1. On January 23, 2004, he entered a plea of guilty to the conspiracy charge on the understanding that the charges against his wife and the remaining charges against him would be dismissed, among other things. Movant also agreed to waive appeal and collateral attack. Docket No. 23 (plea agreement). On June 18, 2004, movant was sentenced to a sixty-month term of probation.[1] Judgment was entered on July 2, 2004. Movant did not appeal his conviction. The instant motion to vacate was filed on October 9, 2007.

II. The Statute Of Limitations

Section 2255 provides in part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f).

/////

---

[1] Subsequently movant violated some of the terms of his probation and was ultimately sentenced to prison. Docket Nos. 53, 54. He was returned to prison upon a finding that he had violated the terms of supervised release. Docket Nos. 60, 63. Movant does not challenge either of these proceedings; rather his attack is on his underlying conviction and sentence.

When a defendant does not appeal his conviction, the statute of limitations begins running at the expiration of the time to file the notice of appeal, which, at the time of defendant's conviction, was ten days from the entry of judgment.[2]  United States v. Sanchez-Castellanos, 358 F.3d 424, 426 (6th Cir. 2004); United States v. Cottage, 307 F.3d 494, 499 n.4 (6th Cir. 2002). In this case, the time for filing the direct appeal expired on July 19, 2004.  See United States v. Nonahal, 338 F.3d 668 (7th Cir. 2003) (period to file notice of appeal is 10 days, excluding weekends and holidays); Fed. R. App.P. 4(b)(1)(A)(i) & 26(a)(2) (2004).  Accordingly, the statute of limitations began to run on July 20, 2004 and expired on July 20, 2005.  The instant motion filed in October 2007 is not timely.

Movant avers that he did not file his motion earlier because of a combination of major depression, bipolar disorder and ADHD, and that he has only recently received "proper psychiatric medical attention with the appropriate medication (Risperidone, Zoloft, etc.)," which enabled him to function "with a clear stable thinking mind."

The Ninth Circuit has held:

> We will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.  When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.

Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal quotations, citations omitted).  It is petitioner's burden to show he is entitled to equitable tolling.  Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).  To meet his burden, he must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005);

/////

---

[2]  The time has since been extended to fourteen days.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.), cert. denied; __ U.S. __, 130 S.Ct. 244 (2009).

Although the Supreme Court has not reached the issue, the Ninth Circuit has held that mental incompetency may equitably toll the limitations period because mental incompetency is an extraordinary circumstance beyond a prisoner's control. Lawrence v. Florida, 549 U.S. 327, 337 (2007) ("even assuming this argument could be legally credited, Lawrence has made no showing of mental incapacity")[3]; Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003). In order for mental incompetence to serve as a basis for tolling of the limitations period it must have been the actual cause of the untimeliness of the habeas petition. Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001) ("extraordinary circumstances" must be the "but for and proximate cause of [ ] untimeliness").

Neither the Supreme Court nor the Ninth Circuit have defined what level of "mental incapacity" or "mental incompetency" will demonstrate a petitioner's entitlement to equitable tolling. Some courts that have addressed the issue rely less on a definition of mental incompetence and more on the showing of a connection between a mental state and the failure to file. Thus, some courts have defined the standard as "an inability to pursue one's legal rights, provided there is a nexus between the petitioner's mental condition and her inability to file a timely petition." United States v. Harris, 268 F.Supp.2d 500, 506 (E.D. Penn. 2003). Another court has noted that "the alleged mental incompetence must somehow have affected the petitioner's ability to file a habeas petition." Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001), overruled in part on other grounds by Carey v. Saffold, 536 U.S. 214 (2002). Still another court has recognized there is no "bright line rule in determining whether equitable tolling should apply in cases of mental illness, but . . . generally . . . a petitioner must demonstrate some form of

---

[3] Because of the similarity between the statutes of limitations for § 2254 petitions and § 2255 motions, cases interpreting the AEDPA statute of limitations apply equally to § 2255 motions. United States v. Battles, 362 F.3d 1195, 1196-97 (9th Cir. 2004).

incapacitation due to the mental illness that affected his ability to act with due diligence during the time period in question." Victorial v. Burge, 477 F.Supp.2d 652, 655 (S.D.N.Y. 2007).[4]

In this case, movant has provided nothing but his conclusory declaration providing his diagnoses and his own evaluation that their combination incapacitated him to such an extent that he was unable to pursue his legal rights.  He does say that with proper medication he has been able to think clearly, but has not even provided the date he began to take the medication that allegedly cleared his head.

In the discussion of substantive issues in his traverse, movant refers to a psychiatric evaluation prepared before he entered his plea that diagnosed him with chronic depression, "a recognized disabling condition" but he has not provided a copy of the report or any other materials supporting his claim that "government psychologists" provided the additional diagnoses mentioned above.  Traverse at 6.  Respondent also refers to the report as finding that movant's thinking was not impaired, but has not provided a copy of the report.  Opp'n at 5. Accordingly, the court will not rely on this report to support or undercut movant's claim of equitable tolling.  Without any evidentiary support apart from his conclusory declaration, movant has not borne his burden of showing he is entitled to equitable tolling.

IT IS HEREBY RECOMMENDED that:

1. Movant's October 9, 2007 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be denied; and

2. The clerk of the court be directed to close the companion civil case No. 07-2139 GEB KJM P.

/////

/////

---

[4] In Bridgewater v. Roe, Case No. CIV-S-02-00971 LKK KJM (docket no. 53), this court applied Laws and Allen in a fact-intensive determination to find, on the record in that case, that petitioner's chronic and severe mental limitations were the actual cause of his failure to timely file his § 2254 petition.

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
3   one days after being served with these findings and recommendations, any party may file written
4   objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5   Findings and Recommendations."  Any reply to objections shall be filed within fourteen days of
6   the objections themselves.  Failure to file objections within the specified time may waive the
7   right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
8   DATED:  February 8, 2010.

_____
U.S. MAGISTRATE JUDGE